## APOLLOS C. HOWARD vs. GEORGE E. HOUGHTON.

*Practice in a real action by a mortgagee.*

The mortgagee has the legal title to the mortgaged premises, and the right to possession as against the mortgagor, when not otherwise agreed, both before and after condition broken. In a writ of entry wherein he declares generally on his own seisin, upon proof of title, he may have judgment at common law, unless the defendant having the rights of the mortgagor, claims a conditional judgment according to the statute.

In such writ, originally brought for two parcels of land, he may, with leave of court, amend by striking out his claim for one of the parcels, and have judgment at common law for the other, if the defendant does not desire a conditional judgment.

In any such suit the court will render judgment as at common law when neither party claims the conditional judgment.

ON EXCEPTIONS.

REAL ACTION, originally brought upon a mortgage of two parcels of land, one lying in Auburn and the other in Poland. Having obtained possession of the parcel in Auburn by a peaceable entry in the presence of two witnesses and made record of the certificate of his having done so, the demandant suggested that fact to the court and asked leave to strike the claim for this lot from his writ, which was granted. The condition of the mortgage had been broken. Judgment was then ordered generally for the demandant, the privilege being offered the tenant to have it entered conditionally, if he desired; but he denied the right of the demandant to have any judgment for only a part of the mortgaged estate. Thereupon the presiding justice ordered judgment to be entered for the demandant at common law, to which the tenant excepted.

*David Dunn* for the tenant.

*Frye, Cotton & White* for the demandant.

BARROWS, J. The plaintiff sued in a real action, counting generally on his own seisin, for two parcels of land. In proof of title

he introduced a mortgage deed of both parcels. Having made an entry in the presence of two witnesses, and taken possession of one of the parcels, he was allowed by the court to strike from his writ the claim therefor, and did so. The condition of the mortgage had been broken, and the court ordered judgment for the plaintiff generally, giving the defendant the privilege of a conditional judgment if desired. But the defendant objected to a conditional judgment for a part of the real estate embraced in the mortgage, and the plaintiff does not seem to have moved for it; whereupon the court ordered judgment for the plaintiff at common law. And to this the defendant excepts.

His argument in support of the exceptions is based upon the erroneous idea that he has a right in this mode to compel the mortgagee to foreclose his mortgage. But this is not so. The debt is the principal thing. The mortgagee may waive his mortgage altogether, and collect his debt by levying upon a portion of the mortgaged premises. *Crooker* v. *Frazier*, 52 Maine, 405. Or he may use the legal title conveyed to him in any manner authorized by law to make the payment secure. As between the mortgagor and mortgagee, the mortgagee has the legal estate and the right of possession even before a breach of the condition, when there is no agreement to the contrary.

The mortgagor cannot complain that the mortgagee takes no legal steps to deprive him of his right of redemption.

We are not called upon now to determine what the effect of the proceedings above set forth may be so far as the right of redemption is concerned. If the plaintiff is willing to subject himself to a liability to account for rents and profits, and to equities that may remain in the defendant notwithstanding these proceedings, certainly no right of the defendant is thereby abridged.

It may be very true, as remarked in *Spring* v. *Haines*, 21 Maine, 129, that so long as a mortgagor has a right to redeem any part of the mortgaged premises he has a right to redeem the whole; and as further remarked in *Treat* v. *Pierce*, 53 Maine, 78, that when the demandant has judgment for possession on his own seisin at

common law, such possession does not affect the right of redemption.

Neither do these matters affect the right of the mortgagee to judgment for possession at common law, unless the defendant claims the conditional judgment which under the statute is to be rendered on motion of either party. That right of the mortgagee is distinctly declared in *Treat* v. *Pierce*, 53 Maine, 77 and 78, and cases there cited.

Neither in that case nor in this has the demandant asked for any judgment as on mortgage. When he does, the question whether a suit to obtain possession of one parcel only of the mortgaged premises can be maintained under the circumstances here disclosed may arise, if the defendant then objects to such judgment. Whether a judgment for possession at common law will effect the plaintiff's purpose, is for him to consider.

*Exceptions overruled.*

APPLETON, C. J., WALTON, DANFORTH, VIRGIN and PETERS, JJ., concurred.